UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SUSAN BEACH,<br>   Plaintiff,<br> v.<br>LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, INC.,<br>   Defendant. | Case No. 15-cv-04737-BLF<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO FILE UNDER SEAL**<br>[Re: ECF 28] |

Before the Court is Defendant's administrative motion to file under seal the administrative record of Plaintiff Susan Beach. ECF 28. The parties stipulated to the motion. ECF 28-1. For the reasons stated below, the motion is GRANTED.

There is a "strong presumption in favor of access" to judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). A party seeking to seal judicial records bears the burden of overcoming this presumption by articulating "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178-79. Compelling reasons for sealing court files generally exist when such "'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179. Ultimately, "[w]hat constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*,

809 F.3d 1092, 1097 (9th Cir. 2016).

"Despite this strong preference for public access, [the Ninth Circuit has] carved out an exception," *id*. at 1097, for judicial records attached to motions that are "tangentially related to the merits of a case," *id*. at 1101. Parties moving to seal such records need only make a "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure 26(c). *Kamakana*, 447 F.3d at 1180 (quoting *Foltz*, 331 F.3d at 1138).

In this District, parties seeking to seal judicial records must furthermore follow Civil Local Rule 79-5, which requires, *inter alia*, that a sealing request be "*narrowly tailored* to seek sealing *only* of sealable material." Civil L.R. 79-5(b) (emphasis added). Where the submitting party seeks to file under seal a document designated confidential by another party, the burden of articulating compelling reasons for sealing is placed on the designating party. *Id.* 79-5(e).

The Court has reviewed Defendant's sealing motion and the declaration of Susan Beach in support thereof. According to the declaration, the entire administrative record should be sealed because the administrative record is comprised of Plaintiff's confidential medical information. Beach Decl. ¶¶ 3–5, ECF 28-2.

The Court finds that the "compelling" standard applies, as the administrative record is related to the merits of a case. Because the majority of documents in the administrative record contain Plaintiff's confidential personal information, they are appropriately sealable. *E.g.*, *Doe v. UNUM Life Ins. Co. of Am.*, 164 F. Supp. 3d 1140, 1147 (N.D. Cal. 2016) (ordering the administrative record to be filed under seal); *Doe v. PricewaterhouseCoopers Health & Welfare Benefit Plan*, No. 13-02710-JSW, 2014 WL 2737840, at *1 n.1 (N.D. Cal. June 11, 2014) (same).

For the foregoing reasons, the sealing motion at ECF 28 is GRANTED.

Dated: May 1, 2017

_____
BETH LABSON FREEMAN
United States District Judge